LeBlanc v. Succession of Massieu.

## No. 4702.

## MRS. E. LEBLANC v. Succession of CHARLES MASSIEU.

A commission was iss"ed to take the testimony of plaintiff, Mrs. E. LeBlanc, (Ernestine L. Chauveau), and her mother, then in France. This commission having been returned unexecuted, the defendant moved, *ex parte*, to take the answers for confessed, and the order was accordingly made.

This was clearly wrong. There is no law to authorize the testimony of a witness to be taken for confessed. These interrogatories on facts and articles were propounded to the plaintiff, who was then in France, but they were returned unanswered, as Mrs. LeBlanc had come back to Louisiana.

Thereupon the defendant filed a supplemental answer with interrogatories on facts and articles and asked that they be answered in open court. Objections were made to the interrogatories by the plaintiff's attorney—among others—that they were vague, impertinent and had nothing to do with the real issue in the cause.

The Judge *a quo* sustained the objections, except as to the first question which was ordered to be answered. The ruling was correct. If she had failed to answer at all, she would have been protected, as the order did not fix a day on which she was to answer. But the plaintiff appeared in court and answered it.

The plaintiff having offered herself as a witness, the defendant objected to this, on the ground that her answers to interrogatories as a *witness* having been taken for confessed, she could not be permitted to testify. The Judge properly overruled the objection. If the defendants really wanted her testimony, when she was upon the stand as a witness they might have obtained it, if responsive to the matters at issue.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J. *G. Schmidt*, for plaintiff and appellee. *John Culbertson*, and *E. Bermudes*, for defendants and appellants.

LUDELING, C. J. On the sixteenth of February, 1872, the plaintiff brought suit against the executors of the succession of C. Massieu on the following instrument, " Good for ten thousand dollars payable to Miss Ernestine L. Chauveau, after my death, value received, New Orleans, September 26, 1842. C. MASSIEU. "

There were dilatory exceptions filed, which were properly overruled by the District Judge.

The answer contains a general denial—a denial of the signature, and a further denial that there was any lawful consideration for the note. There was judgment in favor of the plaintiff, and the defendants have apppealed.

A commission was taken out to take the testimony of Ernestine L. Chauveau and her mother in France. This commission having been returned unexecuted, the defendants moved, *ex parte*, to take the answers for confessed, and the order was accordingly made.

· This was clearly wrong. There is no law to authorize the testimony of a *witness* to be taken for confessed. These interrogatories on facts and articles were propounded to the plaintiff, who was then in France, but they were returned unanswered, as Mrs. Chauveau had returned to Louisiana. Thereupon the defendants filed a supplemental answer, with interrogatories on facts and articles, and asked that they be answered in open court. Objections to the interrogatories were made by

LeBlanc v. Succession of Massieu.

the plaintiff's attorney, among others these, that they are vague, impertinent and have nothing to do with the real issue in the cause.

The Judge *a quo* sustained the objections, except as to the first question which was ordered to be answered. The ruling was correct. If she had failed to answer at all, she would have been protected, as the order did not fix a day upon which she was to answer. C. P. 351. But the plaintiff appeared in court and answered it. The plaintiff offered herself as a witness. The defendants objected to this, on the grounds that her answers to interrogatories as *a witness* having been taken for confessed, she could not be permitted to testify. The judge properly overruled the objection. If the defendants really wanted her testimony when she was upon the stand as a witness, they might have obtained it, if responsive to the matters at issue.

The genuineness of the note is fully proved and the defendants have failed to make good their defense.

It is therefore ordered and adjudged that the judgment of the court *a qua* be affirmed with costs of appeal.

---

MORGAN, J., *dissenting*. This action is instituted upon the following instrument.

"Good for ten thousand dollars, payable to Miss Ernestine L. Chauveau, after my death, value received. New Orleans, September 26, 1842. C. MASSIEU. "

Massieu died in November, 1871. He made an olographic will, dated, fifteenth of March, 1871. After several special bequests and dispositions of his property, to the extent of $22,700, he made Gabriel de Feriet his universal legatee, and appointed him and J. G. Monrose, the executors of his will. In this will no mention is made of the obligation sued on. The property he left was inventoried at $27,771 50.

Ernestine L. Chauveau, now Mrs. LeBlanc, brings this suit against the executors, and claims the sum mentioned in the foregoing document, alleging that it is wholly written and signed by the said Massieu, who was a near relative of petitioner and had a great friendship for her family, from whom he had received valuable services, and was under many obligations. After various exceptions, which were properly overruled, and motions for oyer of the document sued on, and for the appointment of experts to pass upon the genuineness thereof, the executors answered. They specially deny that the document declared upon was signed by Massieu, and they plead that, if genuine, it was given without any lawful consideration, which they aver they will establish.

LeBlanc v. Succession of Massieu.

It will thus be seen that the instrument sued on is an unconditional promissory note, not transferable by indorsement or delivery, payable to a person therein named, at a certain time, alleged to have been given for value, which is denied. The issue then is value or no value, which issue both plaintiff and defendants have tendered, one to the other.

The plaintiff has produced no evidence in support of what she alleges was the consideration of the note, to wit, relationship, friendship for her family, valuable services from them to him. Her evidence is confined strictly to the genuineness of the note, which is established beyond a doubt.

The defendants propounded interrogatories on facts and articles to the plaintiff, in which she is squarely and repeatedly asked what the consideration of the note was, and whether the consideration therefor was a valid one. Her counsel objected to her being forced to answer these questions upon the grounds:

*First*—That defendants being neither forced heirs nor creditors, they have no right to inquire into the morality or legality of their benefactor's acts.

*Second*—Because the charge of illegality or immorality of the obligation sued on is a *grievous injury* done their testator, and they can not be permitted to throw obloquy on his memory and render it odious to posterity.

*Third*—Because the obligations sued on purports *to* be for value received, and the inquiry must be limited to the genuineness of the signature.

*Fourth*—Because all the interrogatories, so far as they are not confined to the genuineness of the signature, are vague, impertinent, and have nothing to do with the real issue of the case.

The district judge sustained the exceptions, and the plaintiff did not answer, to which ruling defendants reserved their bill.

*First*—As executors, whether legatees or not, the defendants were bound to inquire into the validity and legality of every claim which is presented against the estate which they represent.

*Second*—We do not see what grievous injury can be done to the memory of the testator by his executors, by their simply trying to establish that an obligation which he is alleged to have given, is without consideration.

*Third*—Because the obligation sued on purports to be for value received, we do not understand that the inquiry must be limited to the genuineness of the signature.

*Fourth*—We do not find the interrogatories vague or impertinent, or that they have nothing to do with the real issues in the case. On

the contrary, it appears to us that if they are answered as the defendants seem to think they will be, the plaintiff will, at all events, have made a strong case against herself.

The judge below was of the opinion that the instrument sued upon is a disguised donation under an onerous form, and much of the plaintiff's brief is taken up with authorities to the point that, if it be viewed in that light, it is equally valid and must be paid without deduction.

But in the opposition which she filed to the account of the executors' account in the succession she expressly declares the instrument sued on to be a "promissory note and obligation." In this suit against the executors she calls it an obligation. In her brief she asserts it to be "a debt of the succession which must be paid in preference to legacies."

Now, debt and donation are not convertible terms. The instrument sued on is either the one or the other, and it was for the plaintiff to fix its proper designation. She has chosen to call it a debt; she must therefore be held to establish the debt when put to the proof; and the defendants may be permitted to show that it does not exist. One defense to an action on a promissory note is want of consideration, and no one should be better able to prove the consideration for which it was given than the party in whose favor it is drawn. Now, as this note was made payable only to the plaintiff, and is sued on by her, it seems to me clear that the defendants are entitled to make her declare what the consideration was for which it was given. The ruling of the court, therefore, which denied to them this right was, in my opinion, erroneous.

I therefore dissent.

Rehearing refused.